**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOHN PORTEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No._____ |
| SOCIAL SECURITY ADMINISTRATION, | ) |
| FRANK J. BISIGNANO AND TANYA | ) |
| DUNCAN, | ) |
| | ) |
| Defendants. | ) |

**PETITION FOR WRIT OF MANDADMUS AND**
**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff John Portee, by and through undersigned counsel, petitions this Court for a writ

of mandamus pursuant to 28 U.S.C. § 1361, and brings this civil action for violations of the

Administrative Procedure Act, 5 U.S.C. §§ 555(b) and 706(1), and of the Due Process Clause of

the Fifth Amendment, U.S. Const. Amend V. Plaintiff alleges as follows:

## INTRODUCTION

1.      With this action, Plaintiff seeks to compel the Social Security Administration to

perform clear, ministerial duties owed to Plaintiff concerning the processing of his timely

administrative appeals regarding his Supplemental Security Income (SSI) benefits, and to restore

his monthly SSI benefit to the correct amount or issue a reasoned determination on his appeals

without further delay.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over Plaintiff's mandamus claim pursuant to 28

U.S.C. § 1361 and 28 U.S.C. § 1331. This court has jurisdiction over Plaintiff's

Administrative Procedures Act (APA) and Fifth Amendment claims under 28 U.S.C. §

1331.

1

3.    Venue is proper in this District under 28 U.S.C. § 1391(e) because Plaintiff resides in this District, the events or omissions giving rise to the claims occurred in this District, and Defendants are officers or agencies of the United States.

## PARTIES

4.    Plaintiff, John Portee, is an SSI recipient residing at 5422 Blair Road, NE, Washington, DC 20011. Plaintiff's address is 5422 Blair Road, NE, Washington, DC 20011.

5.    Defendant Social Security Administration (SSA) is an agency of the United States responsible for administering the SSI program.

6.    Defendant Frank J. Bisignano is the Commissioner of Social Security, sued in his official capacity.

7.    Defendant Tanya Duncan is the manager of the SSA office with responsibility over Plaintiff's case, sued in her official capacity.

## FACTUAL BACKGROUND

8.    On February 10, 2023, attorney Robert D. Scott, the court-appointed guardian for Plaintiff John Portee, spoke by telephone with a representative for Defendant Social Security Administration ("SSA") to inform SSA that Plaintiff had been hospitalized in the Psychiatric Ward at Washington Hospital Cetner in Washington, DC. *See* Attachment 1, February 23, 2023 Letter from Robert D. Scott to Social Security Administration. During the call, SSA informed Plaintiff's guardian that during hospitalization, Plaintiff's monthly Supplemental Security Income ("SSI") benefit would be cut from $1454 to $30. *Id.*

9.    On February 23, 2023, upon learning that Plaintiff had only been hospitalized for three (3) days, and had been discharged on or about February 3, 2023, Mr. Scott sent a letter to the same SSA representative he had spoken to approximately two weeks earlier. *Id.* Based upon

the fact that Plaintiff was not, in fact, living in the hospital, Mr. Scott classified the letter as Plaintiff's "formal appeal of the decision to reduce his monthly benefits to S30 per month," and requested that the monthly benefits be reinstated to $1454. *Id.*

10.    Despite the fact that there was no longer a basis for the reduction in benefits, facts which were confirmed and then known by the SSA by virtue of SSA's receipt of Mr. Scott's February 23, 2023 appeal letter, Defendant SSA executed the reduction in April 2023.

11.    Even with continued efforts by Mr. Scott to have Plaintiff's benefits reinstated, the SSA did not respond.

12.    On March 22, 2024, Mr. Scott filed another appeal with Defendant SSA and again received no response.

13.    For the same months in which Mr. Portee has not received his proper monthly benefits, he has been improperly denied by SSA his personal allowance of $107 per month. The personal allowance is intended to enable Mr. Portee to purchase personal hygiene items including but not limited to, soap, razors, shampoo, toothpaste, dental floss and body lotion, and to attend to grooming, such as haircuts.

14.    With Plaintiff at risk for losing his housing and his banking privileges due to the mistaken reduction in his SSI benefits, on July 1, 2025 Plaintiff, through his court-appointed guardian, filed another appeal with the Social Security.[1]

15.    Despite three years of appeals by Plaintiff, since April 2023, SSA has paid Plaintiff only $30.00 per month in SSI benefits, which has substantially and detrimentally

---

[1] Also on July 1, 2025, Plaintiff's court-appointed guardian filed a Petition Post Appointment for a Rule to Show Cause against the Social Security Administration, which the Social Security Administration removed to this Court on October 10, 2025. *See Portee v. Social Security Administration*, 1-25-cv-3838 BAH, Doc. 1. After briefing by the parties, by Minute Order dated June 1, 2026 this Court dismissed that action without prejudice, "since both parties agree that subject matter jurisdiction is lacking over plaintiff's claim and federal courts lack subject matter jurisdiction over cases from state courts over which the state court lacked jurisdiction. *Id.*

effected Plaintiff's physical and mental health and hygiene; imperiled his ability to maintain housing; and imperiled his ability to maintain a bank account.

16.    Plaintiff has exhausted his administrative remedies through timely invocation SSA's administrative review process by way of appeals submitted on February 23, 2023, March 22, 2024, and July 1, 2025, yet SSA has not provided a response explaining or justifying the reduction as of the latest referenced filings.

17.    Plaintiff lacks any adequate alternative remedy because SSA has failed to act upon his appeals for a period of more than three years. Plaintiff submits that SSA's failure to act on these appeals is an abdication of a ministerial duty to process claims and render a decision.

## LEGAL STANDARD

18.    Mandamus under 28 U.S.C. § 1361 is appropriate where (a) the plaintiff's claim is clear and certain, (b) the defendant's duty is ministerial, plainly defined, and peremptory, and (c) no other adequate remedy is available to Plaintiff. Lovitky v. Trump, 949 F.3d 753, 759 (D.C. Cir. 2020).

19.    Pursuant to the APA, agencies must conclude matters presented to them within a reasonable time, and courts are authorized to compel agency action unlawfully withheld or unreasonably delayed. 5 U.S.C. §§ 555(b), 702, 704 and 706(1).

21.    As noted by this Court,

> In determining whether a delay in agency action is unreasonable, the D.C. Circuit has enumerated six factors for consideration:
>
> > (1) the time agencies take to make decisions must be governed by a rule of reason; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency

activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

*Arab v. Blinken*, 600 F. Supp. 3d 59, 68-69 (D.D.C. 2022), citing *Telecomms. Rsch. & Action Ctr. v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984) ("TRAC") (internal quotation marks and citations omitted). Plaintiff's petition satisfies all of the TRAC factors.

22.     SSA has allowed Plaintiff's appeals to languish for years without any decision, and without explanation. This prolonged and unexplained inaction by SSA fails any rule of reason.

23.     While no statutory timetable governs Plaintiff's appeals, "[t]he APA requires agencies to "proceed to conclude a matter presented to [them]' in a reasonable time," 5 U.S.C. § 555(b), and authorizes reviewing courts to "compel agency action unlawfully withheld or unreasonably delayed." *Id*. § 706(1). *Tate v. Pompeo*, 513 F. Supp. 3d 132, 147 (D.D.C. 2021).

24.     Plaintiff's human welfare is undeniably impacted by SSA's failure to act, reduction of benefits to Plaintiff has imperiled, and continues to imperil, every aspect of plaintiff's physical and mental health and hygiene, as well as his ability to maintain a bank account and housing.

25.     Compelling SSA to decide Plaintiff's pending appeals would vindicate core due process obligations without improperly reordering priority, particularly in light of the extended delay on a narrow, individual claim.

26.     The ongoing deprivation has caused, and continues to threaten, further concrete harms, including housing insecurity, lack of bank account, and lack of access to physical and mental health and hygiene services.

5

27.    Although bad faith is not required to find unreasonable delay, the absence of any articulated basis – or any communication – from SSA underscores the unreasonableness of SSA's inaction. Absent an articulated basis, the reduction in benefits appears erroneous, or unsupported, on the face of the record.

### a.    SSA Owes a Clear, Nondiscretionary Duty to Process Appeals and Issue Determinations Within a Reasonable Time

28.    Plaintiff has repeatedly and properly invoked SSA's administrative review process and is entitled to a determination on his appeals. Appeals were submitted on February 23, 2023, March 22, 2024, and July 1, 2025. *See* Attachments 1, 2 and 3.

29.    SSA has provided no response explaining or justifying the reduction as of the latest referenced filings . The failure to act on pending, properly filed appeals for years is an abdication of a ministerial duty to process claims and render a decision.

30.    SSA's delay is an extreme, unreasonable, and unlawful violation of SSA's obligation to provide due process and timely adjudications.

### b.    The Reduction of Plaintiff's Benefits Following a Brief Hospitalization Lacks a Stated Basis and Requires Restoration

31.    After a brief hospital stay (January 31, 2023 to February 2, 2023), SSA reduced Plaintiff's benefits to $30.00.

32.    Without an articulated basis from SSA, the reduction appears erroneous or unsupported on the face of the record, warranting prompt adjudication and restoration pending decision.

### c.    Plaintiff Lacks an Adequate Alternative Remedy and Is Suffering Ongoing, Irreparable Harm

33.    Because SSA has not acted on multiple appeals or provided any written explanation, Plaintiff lacks an adequate alternative remedy to compel agency action.

6

34.    The ongoing $30 payment places Plaintiff at risk of eviction with tens of thousands of dollars in arrears to his housing provider.

35.    The deprivation of Personal Needs Allowance funds is causing severe adverse effects on Plaintiff's mental health and hygiene, and The threatened closure of Plaintiff's direct deposit account at TD Bank exacerbates his financial instability and impedes receipt of benefits.

### d.    The Elements for Mandamus Are Satisfied

36.    Plaintiff's right to agency action on his pending appeals is clear and certain; SSA's duty to process and decide appeals and to correctly calculate SSI benefits in accordance with governing rules is ministerial and plainly defined; and Plaintiff has no adequate remedy other than mandamus given SSA's prolonged inaction and the urgent harms detailed above.

## CLAIMS FOR RELIEF
### Count I — Mandamus
### (28 U.S.C. § 1361)

37.    Plaintiff realleges paragraphs 1 through 36 as if fully set forth herein.

38.    Defendants have unlawfully failed to perform nondiscretionary duties owed to Plaintiff, including timely processing and deciding his SSI appeals and correctly determining and paying the SSI benefit due.

39.    Plaintiff has a clear right to the performance of these duties; Defendants have a clear duty to act; and no other adequate remedy exists.

### Count II — Violation of the Fifth Amendment
### (Procedural Due Process)
### (U.S. Const. Amend. V)

40.    Plaintiff realleges paragraphs 1 through 39 as if fully set forth herein.

41.    Defendants, acting under color of law, deprived Plaintiff of his protected property interest by failing to address his appeals, failing to provide notice or justification for failing to address his appeals, and failing to provide Plaintiff with the opportunity to be heard.

7

## Count III – Violation of the Administrative Procedures Act
### (5 U.S.C. §§ 555(b) and 706(1))

42.    Plaintiff realleges paragraphs 1 through 41 as if fully set forth herein.

43.    Defendants are agencies and officers of the United States subject to the APA.

44.    Section 555(b) of the APA requires agencies to proceed to conclude matters presented to them within a reasonable time.

45.    Section 706(1) of the APA authorizes this Court to compel agency action unlawfully withheld or unreasonably delayed.

46.    Plaintiff presented timely administrative appeals challenging the reduction of his SSI benefits.

47.    Defendants have not scheduled any hearings, provided a written explanation of their decision, or otherwise concluded the matters presented by Plaintiff despite the passage of more than three years from his initial appeal.  Defendants have not provided any response explaining or justifying the reduction of Plaintiff's benefits.

48.    Defendants' failure to act constitutes agency actions unlawfully withheld or unreasonably delayed within the meaning of 5 U.S.C. §§ 555(b) and 706(1).

49.    Defendants' delay has caused and continues to cause concrete harm to Plaintiff.

50.    Plaintiff has no adequate alternative remedy in Court, and Court intervention is warranted to compel agency action under 5 U.S.C. § 706(1).

## Count IV – Declaratory and Injunctive Relief
### (5 U.S.C. § 702; 28 U.S.C. §§ 2201 and 2202)

51.    Plaintiff realleges paragraphs 1 through 50 as if fully set forth herein.

52.    Plaintiff seeks a declaration that Defendants' failure to adjudicate his appeals and to provide a reasoned explanation for the reduction in benefits constitutes unlawful agency action

8

unreasonably delayed.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court:

a.    Issue a writ of mandamus compelling Defendants forthwith to adjudicate Plaintiff's pending SSI appeals and to issue a written, reasoned determination within 30 days;

b.    Order Defendants to immediately reinstate Plaintiff's SSI benefits to the correct monthly amount as determined by law, or to the last properly determined pre-reduction amount, as was being paid as of February 23, 2023 (with the appropriate cost of living increases) pending issuance of a final administrative decision;

c.    Declare, pursuant to 5 U.S.C. §§ 555(b) and 706(1) and 28 U.S.C. § § 2201 and 2202, that Defendants' failure to process and decide Plaintiff's appeals and to provide a reasoned explanation for the benefit reduction is unlawful agency action unreasonably delayed;

d.    Compel, under 5 U.S.C. § 706(1), Defendants to take discrete action unlawfully withheld or unreasonably delayed by issuing a decision, scheduling a hearing, and otherwise concluding Plaintiff's appeals within 30 days, and to provide a written statement of reasons.

e.    Enjoin Defendants from continuing to pay Plaintiff the reduced benefit of $30 per month, and from withholding his $107 monthly personal allowance absent, a lawful, reasoned determination and to take all steps necessary to ensure uninterrupted, properly calculated payments;

f.    Order Defendants to provide written notice to Plaintiff and his guardian of the basis for any benefit calculation affecting Plaintiff, including any overpayment or in-kind support determinations, within 15 days of any such action;

9

g.    Award such other and further relief as the Court deems just and proper, including

costs and reasonable attorneys' fees as permitted by law; and

h.    Retain jurisdiction to ensure compliance with the Court's orders.

## Jury Demand

Plaintiff demands a jury trial on any triable issues to the extent available; otherwise,

Plaintiff requests expedited consideration of this petition.


Date:  July 6, 2026


                              Respectfully submitted,


                              s/  Claudia Callaway
                              Claudia Callaway  Bar No. 442237
                              CALLAWAY PLLC
                              5100 Cathedral Avenue NW
                              Washington, DC  20016
                              Phone:  202.294.8922
                              Email:  claudia@callawaypllc.com

**Verification**

I, Robert D. Scott, declare under penalty of perjury that the factual statements in

paragraphs 1 through 36 that are based on the telephone calls and records are true and correct to

the best of my knowledge, information, and belief.

Executed on __06/26/2026__

_Robert D. Scott_

Robert D. Scott  Bar No. 425749
Court-Appointed Guardian for
John Portee

11